UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALLSTATE INSURANCE CO.,

        Plaintiff,

v.                                                                    Case Number 08-11047-BC
                                                                      Honorable Thomas L. Ludington
PIONEER MUTUAL INSURANCE COMPANY,
*subrogee of Keith and Dorothy Sieting*;
FRANKENMUTH MUTUAL INSURANCE
COMPANY, *subrogee of Richard and Carol Chauvin
and of Brent and Denise Mowry*; HANOVER
INSURANCE GROUP, *subrogee of Alvin Behmlander;*
STATE FARM FIRE AND CASUALTY COMPANY,
*subrogee of Thomas G. Scherer, Thomas Forfa,
and Myron Nolte;* CITIZENS INSURANCE COMPANY
OF AMERICA, *subrogee of James F. Cunningham,
Mark Allen Cunningham, and Leo Dawes;*
ALVIN BEHMLANDER; THOMAS FORFA;
SUSY FORFA; KEVIN MARTIN; KENNETH
WADDINGTON; UNITED STATES OF AMERICA;
JOHN DOES;

        Defendants,

-and-

UNITED STATES OF AMERICA; STATE FARM
FIRE AND CASUALTY COMPANY, *subrogee
of Thomas G. Scherer, Thomas Forfa, and Myron
Nolte;* THOMAS FORFA; SUSY FORFA;
KEVIN MARTIN,

        Cross-claimants,

v.

KENNETH WADDINGTON,

        Cross-defendant.
_____/

**ORDER DENYING WADDINGTON'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH DISCOVERY ORDER, DIRECTING PIONEER AND FRANKENMUTH MUTUAL TO SUBMIT SUPPLEMENTAL BRIEFING AS TO THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT, DIRECTING WADDINGTON TO SUBMIT SUPPLEMENTAL BRIEFING EXPLAINING THE NATURE OF HIS DEFENSES TO THE CLAIMS HE CONTESTS, ORDERING ALLSTATE TO SHOW CAUSE WHY JOHN DOES SHOULD NOT BE DISMISSED FROM THE CASE, AND DIRECTING ALLSTATE TO SUBMIT SUPPLEMENTAL BRIEFING ON ITS MOTIONS FOR DEFAULT JUDGMENT AND TO DEPOSIT FUNDS**

Now before the Court are the following four motions: (1) Waddington's motion to dismiss for failure to comply with discovery order [Dkt. # 37] as to Alvin Behmlander, Kevin Martin, and State Farm; (2) Pioneer and Frankenmuth Mutual's motion for partial summary judgment [Dkt. # 38]; (3) Allstate's motion for default judgment as to Kenneth Waddington, John Does, Alvin Behmlander [Dkt. # 32]; and (4) Allstate's motion to deposit funds [Dkt. # 36].  The Court has determined that further briefing is necessary to resolve these motions, with the exception of Waddington's motion to dismiss for failure to comply with discovery order.  Thus, after explaining the factual and procedural background of the case, the Court will highlight the issues on which the Court will request further briefing.

I

The facts underlying this interpleader action are generally undisputed.  The action arises out of a fire that occurred on or about April 30, 2006, which began when Defendant Kenneth Waddington ("Waddington") was burning materials in the Huron National Forest.  The fire was uncontrolled and spread throughout the forest, burning approximately 6,000 acres of timber and damaging several privately owned properties.  At the time of the fire, Waddington had a homeowner's insurance policy with Plaintiff Allstate Insurance ("Allstate") that carried liability limits of $300,000 per occurrence.

-2-

The table of contents of Waddington's insurance policy indicates that the policy is structured

as follows:

**General**

**Section I - Your Property**

Coverage A - Dwelling Protection
Coverage B - Other Structures Protection
Coverage C - Personal Property Protection
Additional Protection
Section I Conditions

**Section II - Family Liability and Guest Medical Protection**

Coverage X - Family Liability Protection
Coverage Y - Guest Medical Protection
Additional Protection
Section II Conditions

**Section III - Option Protection**

Optional Coverages You May Buy

"Coverage X," which the parties assert is at issue in this case, states the following related to covered

losses:

Subject to the terms, conditions and limitations of this policy, Allstate will pay damages
which an insured person becomes legally obligated to pay because of bodily injury or
property damage arising from an occurrence to which this policy applies, and is covered
by this part of the policy.

The policy defines "property damage" as "physical injury to or destruction of tangible property,

including loss of use resulting from such physical injury or destruction."

II

On February 27, 2007, Pioneer Mutual Insurance Co. ("Pioneer") as subrogee of Keith and

Dorothy Sieting, and Frankenmuth Mutual Insurance Co. ("Frankenmuth Mutual") as subrogee of

Richard and Carol Chauvin, and as subrogee of Brent and Denise Mowry, filed a complaint against

Waddington in the Michigan Circuit Court for the County of Oscoda.  On September 4, 2007,

-3-

Allstate filed an interpleader action in that court, pursuant to Michigan Court Rule 3.603, seeking a determination by the court of how the insurance policy proceeds should be distributed among the following Defendants: the United States of America, Kenneth Waddington, Pioneer as subrogee of Keith and Dorothy Sieting; Frankenmuth Mutual as subrogee of Richard and Carol Chauvin, and as subrogee of Brent and Denise Mowry; Alvin Behmlander and Hanover Insurance Group ("Hanover") as subrogee of Alvin Behmlander; Kevin Martin; State Farm Fire and Casualty Co. ("State Farm") as subrogee of Thomas G. Scherer, as subrogee of Myron Nolte, and as subrogee of Thomas Forfa; Thomas and Susy Forfa; and Citizens Insurance Co. of America ("Citizens") as subrogee of James F. Cunningham and Mark Allen Cunningham, and as subrogee of Leo Dawes.

Pursuant to Michigan Court Rule 2.201(D), Allstate's interpleader complaint also names "John Does" as Defendants. Rule 2.201(D)(1)(a) allows persons "whose names cannot be ascertained on diligent inquiry" to be made parties by being described as "unknown claimants." Furthermore, the "judgment rendered determines the nature, validity, and extent of the rights" of the unknown claimants as if they were "designated by their proper names." Rule 2.201(D)(4). Apparently the state court permitted Allstate to serve these unknown claimants by publication on the courthouse and in the newspapers.

On December 26, 2007, the state court in Oscoda consolidated the two cases. The United States removed the consolidated case to this Court on March 11, 2008, pursuant to 28 U.S.C. § 1442. In addition to filing an answer, on March 13, 2008, the United States filed a cross-claim against Waddington, alleging one count of negligence and one count of strict liability under Mich. Comp. Laws § 324.51504. According to the United States, the U.S. Forest Service expended $1,112,802.30 to suppress the fire, $315,799.04 in rehabilitative costs, including the cost of long-term restoration

-4-

of the forest and removal of dead or dying trees from campground facilities, and lost timber valued at $659,259.68.

The following parties also filed cross-claims against Waddington: State Farm, as a subrogee of Thomas Scherer, Thomas Forfa, and Myron Nolte; Thomas and Susy Forfa; and Kevin Martin. Waddington filed an answer to each cross-claim, placing his responsibility for the conduct alleged in the complaint at issue. He also filed an answer to the February state court complaint, but not the subsequent September complaint filed by Allstate to interplead the full amount of Waddington's insurance coverage.

III

On October 29, 2008, Waddington filed a motion to dismiss for failure to comply with discovery order [Dkt. # 37], as to State Farm, Behmlander, and Martin. The Court will deny this motion with respect to all three parties.

First, State Farm emphasizes that Waddington did not attempt to confer with the parties before filing his motion, as is required by Federal Rule of Civil Procedure 37(a)(1). State Farm represents that Waddington did not send his discovery requests to its current address, and that when State Farm notified Waddington's attorney of this fact, Waddington's attorney agreed to an extension of the response time. Moreover, subsequent to Waddington's filing of this motion, State Farm provided Waddington with its responses. Based on State Farm's representations and Waddington's failure to confer under Rule 37, the Court will deny Waddington's motion with respect to State Farm.

Second, Behmlander has not responded to Waddington's motion to dismiss, however he has not yet participated in this action. While Behmlander has been interpled by Allstate, he has not

-5-

asserted any cross-claims against Waddington. Thus, Behmlander has not asserted any claims that the Court could dismiss and Waddington's motion will be denied with respect to Behmlander on that ground.

Third, and finally, Martin responded to Waddington's motion by asserting that he needed an additional two weeks to respond to Waddington's discovery requests. As stated above, it does not appear that Waddington conferred with the parties pursuant to Rule 37 prior to filing this motion. Thus, the Court will deny Waddington's motion with respect to Martin on that ground.

IV

In their motion for summary judgment [Dkt. # 38], Pioneer and Frankenmuth Mutual contend that the damages sought by the United States, on behalf of the United States Forest Service, for suppression and rehabilitation costs, and resource losses, are not covered under Waddington's insurance policy because the damages do not fall within the policy's definition of "property damage." The policy defines "property damage" as "physical injury to or destruction of tangible property, including loss of use resulting from such physical injury or destruction." Pioneer and Frankenmuth Mutual also contend that because the policy provides $500 for fire department charges, and allows for additional coverage to be purchased under Coverage F, the United States cannot recover any costs related to fire suppression. State Farm, Citizens, and Hanover concurred in the motion.

Generally, the United States responds with case law supporting an interpretation of Waddington's policy which would enable it to recover for all direct and consequential damages that Waddington is liable to pay as a result of the occurrence. The United States also responds that timber, which would have been sold under a timber sale contract, is undoubtedly real property

-6-

covered by the policy.

While the parties have framed the issue as one involving the interpretation of the underlying insurance policy, it is not clear, unfortunately, that the issue is necessarily that narrow. Allstate, Waddington's insurer, by way of this interpleader action, seeks to deposit the amount of the policy limits, $300,000, with the Court. Thus, it appears that Allstate does not intend to contest its obligation to indemnify Waddington in the amount of $300,000 for losses which Waddington is liable to third parties, based on Allstate's policy insuring Waddington. Rather, Allstate has conceded that Waddington is entitled to coverage for the occurrence, which implicates the full amount of coverage under the policy.

Significantly, the insurance policy is an agreement between Allstate and Waddington, not between Allstate and third parties, or Waddington and third parties. Once Allstate has agreed to provide Waddington with the full benefits available under the policy, the terms of the policy are no longer relevant. This is partly because a direct action by an injured claimant against an insurer is prohibited by Mich. Comp. Laws § 500.3030 when the insurance at issue is casualty insurance.[1] Thus, an injured claimant must first obtain a judgment against the insured tortfeasor and then proceed in a garnishment action against the insurer. *See, e.g.*, *Cloud v. Vance*, 296 N.W.2d 68, 69 (Mich. Ct. App. 1980).

---

[1] Casualty insurance is defined by Mich. Comp. Laws § 500.624(1)(b):

Liability, automobile, and workmen's compensation. Insurance of any person, partnership, or corporation against loss or damage on account of the bodily injury or death by accident of any person, or against damage caused by automobiles, vehicles or draft animals to property of another, for which loss or damage said person, partnership or corporation is responsible, or against accidental damage sustained by automobiles or vehicles, or against all of the said contingencies, inclusive of workmen's compensation insurance . . . .

When an injured claimant proceeds in a garnishment action, the Court is unaware of any state law authority to suggest that if an insurer has satisfied the judgments of injured claimants such that the limits on the applicable policy are reached, then later claimants who are unable to recover from the insurer can challenge the insurer's decision to satisfy the judgments of earlier claimants. For example, had Allstate paid the United States' claim against Waddington and thereby exhausted the funds available up to the policy limits, later claimants such as Pioneer and Frankenmuth Mutual would not be able to challenge the payment by claiming that the United States' loss was not recoverable under the terms of the policy. Such later claimants would only be able to look to the tortfeasor, Waddington, for satisfaction of their judgments. While interpleader may be used to prevent races to judgment against an insurance policy, an insurer may not concede an insured's liability to other parties. Indeed, in this case, Waddington has answered the cross claims and sought discovery in defense of the claims. Equally important, interpleader is not a substitute for a bankruptcy proceeding, nor does it create legal principles governing the "fair" treatment of competing judgment creditors.

Similarly, it has been stated that when "insurers and the insured have settled their business disputes by means of adjusting their policies' limits, the limits for purposes of [] interpleader are the new, negotiated ones." *In re Dow Corning Corp.*, 198 B.R. 214, 248 n. 26 (Bankr. E.D. Mich. 1996). This is because, "the reduction in the limits are valid exercises of the parties' freedom to contract, which are not reversible by the creditors of either party." *Id.* This suggests that the terms of the contract can only be enforced by those who are actually parties to the contract. *See also Itrich v. Huron Cement Div. of Nat'l Gypsum Co.*, 670 F.Supp. 199, 200, 204-05 (E.D. Mich. 1987) (finding that Michigan's third-party beneficiary statute "does not vest any rights in an injured

claimant against an insurer where the policy is one of indemnity as opposed to one of liability"). It further suggests that Pioneer and Frankenmuth Mutual can not challenge whether the United States can recover under Waddington's insurance policy, when Allstate itself does not contest coverage.

Moreover, an insured's concession of liability to third parties does not concede an insurer's liability under an insurance policy. For example, at the point when an injured-claimant has obtained a judgment against an insured tortfeasor and brings an action for garnishment against an insurer, the policy terms apply. *See, e.g.*, *Francis v. Scheper*, 40 N.W.2d 214 (Mich. 1949). Additionally, the terms of an insurance policy have been held to apply when an insurer brings an action for a declaratory judgment against its insured and injured claimants, stating that the policy at issue does not provide coverage for the incident or issue. *See, e.g.*, *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1063 (6th Cir. 1987) (noting that "the real dispute is between the injured third party and the insurance company, not between the injured and an often-times impecunious insured"), abrogated on other grounds by *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964 (6th Cir. 2000). In *Allstate Ins. Co. v. Hayes*, the court found that a default judgment obtained by the insurer against the insured did not destroy the injured party's interest in the litigation because "the actual controversy between the insurer and the injured party remains viable." 499 N.W.2d 743, 750-51 (Mich. 1993). The court noted that the default judgment against the insured was not an admission that "there is no coverage in respect to an interested party." *Id.* at 751. Thus, the injured party was able to argue that his claim was covered under the insurance policy at issue. *Id. See also Sec. Ins. Co. of Hartford v. Daniels*, 245 N.W.2d 418, 422 (Mich. Ct. App. 1976) (suggesting that the injured party's interest arises from his ability to "litigate the coverage issue in a subsequent action against the insurance companies"

-9-

under Mich. Comp. Laws § 500.3006).

Notably, however, the primary, and not insignificant, difference between an action for a declaratory judgment brought by the insurer and an interpleader action is that in the former, the insurer seeks a declaration that the insurance policy does not provide coverage, whereas, in the latter, the insurer seeks to concede its obligation of indemnity to the insured. Moreover, the Court is unaware of any authority suggesting that in an action brought by an insurer for a declaratory judgment, that an injured claimant has standing to challenge another injured claimant's claim under the terms of the insured's policy.

Based on the above, the Court will direct Pioneer and Frankenmuth to submit supplemental briefing on whether the terms of the policy, or any provision of state or federal law, apply in an interpleader action such that one injured claimant can challenge another injured claimant's ability to recover under the policy. Should a response be necessary, the Court will direct the United States to respond.

Similarly the Court will direct Waddington to more fully explain the claims he contests, the nature of the defenses he seeks to advance to those claims, as well as his response to his insurer's effort to concede its obligation of indemnity under the policy while he contests his liability to third parties. Should a response from an opposing party be necessary, the Court will direct a response.

V

On June 26, 2008, Allstate filed a motion for default judgment as to Waddington, John Does and Behmlander [Dkt. # 32]. One day prior, Allstate obtained the Clerk's entry of default as to Waddington and Behmlander, as required by Federal Rule of Civil Procedure 55. However, the Clerk indicated that it could not enter a default as to "John Does." In its motion, Allstate seeks an

-10-

order providing:

(A)    That any potential John Doe defendants are in default for having failed to plead or otherwise respond to Allstate's complaint in interpleader, despite having been properly served with notice of said complaint;

(B)    That a default judgment is entered against defendants Kenneth Waddington, Alvin Behmlander, and any potential John Doe defendants, and that any potential claim said defendants may have against the insurance policy funds at issue is terminated.

The viability of such a default judgment against each defendant will be addressed in turn. In discussing Allstate's motion for a default judgment against Waddington, the Court will also address Allstate's motion to deposit funds [Dkt. # 36], filed on September 3, 2008.

A

First, the Clerk cannot enter a default as to John Does because they are not proper parties to this action. While they may have been proper parties in the Michigan court, pursuant to Michigan Court Rule 2.201(D), they have not been properly joined as parties under the Federal Rules of Civil Procedure. While federal courts occasionally allow a plaintiff to allege claims against unnamed defendants, courts typically only do so to provide the plaintiff with an opportunity for discovery, which could lead to the identification of the unnamed defendants. Once a plaintiff identifies a previously unidentified defendant, the plaintiff must still serve the defendant with process under Federal Rule of Civil Procedure 4. Otherwise, the court is obliged to dismiss the claims against any John Does. *See, e.g.*, *Haddad v. Fromson*, 154 F. Supp. 2d 1085, 1093 (W.D. Mich. 2001); *Adams v. Hyman Lippitt, P.C.*, No. 05-72171, 2007 WL 2571955, at *1 (E.D. Mich. Sept. 5, 2007). *See also State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 535 (1967) (noting that interpleader does not "solve all the vexing problems of multiparty litigation arising out of a mass tort" and is not intended "to be an all-purpose 'bill of peace' ").

-11-

At this point, Allstate has yet to identify any John Does, and discovery has closed. Thus, the Court will issue an order for Allstate to show cause why the John Does should not be dismissed from the action.

B

Second, Allstate seeks a default judgment against Waddington, who has not filed an answer to Allstate's interpleader complaint. Without further clarification of the relief that Allstate seeks against Waddington, the Court is hesitant to enter such a judgment. Allstate's request for a default judgment against Waddington seems, at least to a certain extent, inconsistent with Allstate's desire to deposit with the Court, funds representing the full amount of Waddington's coverage under the policy. Until now, it has appeared to the Court that, consistent with an interpleader action, Allstate does not contest coverage under the policy that it issued to Waddington.

Even if Allstate does not contest coverage, it is still unclear whether interpleader is an appropriate vehicle to provide the relief that Allstate seeks in this case. As Allstate has acknowledged, rule interpleader, rather than statutory interpleader, is the only type of interpleader available for this action. Under Rule 22, "[p]ersons having claims against the plaintiff may be . . . required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." The U.S. Supreme Court has not addressed whether Rule 22 may be used when an insured faces multiple tort claims exceeding the policy limits in states, like Michigan, that do not have "direct action" statutes.[2] Such statutes allow tort claimants to sue insurers directly without having to sue the insured and reduce the claims to judgment before suing the insurance

---

[2] The Court notes that it has recently received a proposed order and stipulation by the United States and Waddington, to dismiss the United States' cross-claims against Waddington without prejudice. Such a stipulation seems to be inconsistent with the United States' position that it is entitled to recover funds through Waddington's insurance policy.

-12-

company.

In contrast, the Supreme Court has noted that "persons with unliquidated tort claims against an insurance fund are claimants for purposes of the interpleader statute." *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 532-33 (1967) (noting that "may claim" language indicated that an insurance company did not have to wait until all claims against the insured were reduced to judgment prior to bringing an interpleader action). Similarly, several federal courts have generally found that the "may be exposed" language of Rule 22 allows consideration of prospective claims under rule interpleader. *See, e.g.*, *Underwriters at Lloyd's v. Nichols*, 363 F.2d 357, 362 (8th Cir. 1966); *Atlas Corp v. Marine Ins. Co.*, 155 F.R.D. 454, 463 (S.D.N.Y. 1994); *Gen. Accident Group v. Gagliardi*, 593 F.Supp. 1080, 1087 (D. Conn. 1984); *Pan Am. Fire & Cas. Co. v. Revere*, 188 F.Supp. 474, 482 (E.D. La. 1960). Finally, at least one federal court has determined that rule interpleader is as broad on this issue as statutory interpleader and allows interpleading of unliquidated claims even in the absence of a direct-action statute. *See, e.g.*, *Commercial Union Ins. v. United States*, 999 F.2d 581, 589 (D.C. Cir. 1993).

Before issuing an order pursuant to Rule 67, permitting Allstate to deposit the policy proceeds with the Court, the Court believes it is necessary to determine whether interpleader is an appropriate mechanism for this action, particularly in light of the fact that Allstate also seeks a default judgment against Waddington, its insured. Thus, the Court will direct Allstate to submit supplemental briefing clarifying the relief that it seeks in a default judgment against Waddington and legal authority for the proposition that such relief is appropriate in a rule interpleader action. The Court will delay Allstate's supplemental briefing so that Allstate may consider Waddington's supplemental materials explaining the nature of his defenses to third-party claims on the one hand,

-13-

but his entitlement to indemnity on the other hand.

C

Third, and finally, with respect to Behmlander, the Court also requests that Allstate provide clarification on the relief that it seeks against Behmlander. While Behmlander has not answered the complaint or otherwise plead in the matter, Hanover, his subrogee, is actively litigating the case. Based on that fact, Allstate's proposed language, declaring that "any potential claim [Behmlander] may have against the insurance policy funds at issue is terminated," is overly broad.

VII

Accordingly, it is **ORDERED** that Waddington's motion to dismiss for failure to comply with discovery order [Dkt. # 37] is **DENIED**.

It is further **ORDERED** that Pioneer and Frankenmuth Mutual are **DIRECTED** to submit supplemental briefing on their motion for partial summary judgment [Dkt. # 38] on whether the terms of the policy, or any other provision of law applies to an interpleader action such that one injured claimant can challenge another injured claimant's ability to recover under the policy. Pioneer and Frankenmuth Mutual shall file supplemental briefing on or before **April 3, 2009**.

It is further **ORDERED** that Waddington is **DIRECTED** to submit supplemental briefing explaining the nature of his defenses to the claims against him and his entitlement to indemnity under the policy on or before **April 3, 2009**.

It is further **ORDERED** that Allstate **SHOW CAUSE**, in writing, on or before **April 3, 2009**, why John Does should not be dismissed from the action.

It is further **ORDERED** that Allstate is **DIRECTED** to submit supplemental briefing on its motion for default judgment [Dkt. # 32] against Waddington and Behmlander and motion to deposit

-14-

funds [Dkt. # 36], clarifying the relief sought and providing legal authority for the proposition that

such relief is appropriate in a rule interpleader action.  Allstate shall file supplemental briefing on

or before **April 17, 2009**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 13, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 13, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS